UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ELEKTRA ENTERTAINMENT GROUP, INC., *et al.* | : : : | Case No. 07-cv-569 |
| Plaintiffs, | : : | Magistrate Judge Timothy S. Black |
| vs. | : : : | **MEMORANDUM OPINION AND** |
| DAVID LICATA | : : | **ORDER** |
| Defendant. | : | |

This civil action is before the Court on Defendant's motion to dismiss Plaintiffs' complaint (Doc. 14) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and the parties' responsive memoranda (Docs. 15, 16); Plaintiffs' motion to strike (Doc. 18) and the parties' responsive memoranda (Docs. 20, 21) and; Plaintiffs' motion to voluntarily dismiss pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure (Doc. 19) and the parties' responsive memoranda (Docs. 22, 23).  The parties have consented to final adjudication by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  (*See* Doc. 17).

For the reasons that follow, the Court **GRANTS** Plaintiffs' motion to voluntarily dismiss (Doc. 19); and **DENIES** as moot Defendant's motion to dismiss (Doc. 14) and Plaintiffs' motion to strike (Doc. 18).

## I. BACKGROUND AND PROCEDURAL HISTORY

Elektra Entertainment Group, Inc., Capital Records, Inc., BMG Music, and Sony BMG Music Entertainment (collectively, "Plaintiffs") filed this lawsuit on July 24, 2007, alleging copyright infringement.  (Doc. 1).  On June 29, 2005, Plaintiffs had discovered a peer-to-peer ("P2P") infringer using the LimeWire file-sharing program from the Internet IP address 172.158.149.24.  (Doc. 15).  This infringer was distributing 450 sound recordings from a computer share folder.  (*Id*.)  Pursuant to a federal court subpoena served by Plaintiffs, America Online, Inc. ("AOL") advised Plaintiffs that Defendant David Licata was the person responsible for IP address 172.158.149.24 at the time of infringement.  (Doc. 15, Ex. C).

Defendant filed his Answer on September 5, 2007, denying liability and claiming that other "third parties" were responsible for the infringement.  (Doc. 7, ¶ 1-2).  The next day, Plaintiffs sent Defendant a letter advising him that they were only interested in pursuing the direct infringer and advising Defendant of their willingness to dismiss the case if it were determined that he was not responsible.  (Doc. 19, Ex. 3B).  In response to Plaintiffs' letter, Defendant stated that "he in fact ha[d] no knowledge as to who the actual infringer may be and [was] unable to testify as to the identity of the person who downloaded or uploaded files."  (Doc. 19, Ex. 3C).

On January 21, 2008, Defendant filed a motion to dismiss (Doc. 14) pursuant to Rule 12(b)(6). On March 20, 2008, Defendant submitted proposed findings of fact and conclusions of law in support of his motion to dismiss.[1] Having received what they considered to be little meaningful discovery from Defendant, Plaintiffs advised Defendant of their intent to depose Defendant and other members of his household who used his computer and Internet account. (Doc. 15). In a March 20, 2008 letter to Plaintiffs, Defendant confirmed that his family members would, "and should," assert Fifth Amendment privileges in response to any questions regarding the infringement of Plaintiffs' copyrights. (Doc. 19, Ex. 3E). Upon receiving this information, Plaintiffs immediately contacted Defendant and offered to dismiss the case with each party to bear its or his own costs and fees. (Doc. 19, Ex. 3F).

On April 4, 2008, Plaintiffs filed a motion to strike Defendant's proposed findings of fact and conclusions of law with respect to Defendant's motion to dismiss. (Doc. 18). Plaintiffs also filed a motion for voluntary dismissal. (Doc. 19). Defendant does not oppose the dismissal of this case. (Doc. 22). Rather, Defendant seeks a dismissal with prejudice so that he can seek attorney fees under Section 505 of the Copyright Act. (Doc. 22).

---

[1] Defendant's proposed findings of fact and conclusions of law were not filed with the Court using CM/ECF and do not appear in the Court's docket on Pacer. Rather, Defendent apparently submitted the pleading to Judge Weber's chambers via electronic mail on March 20, 2008. (Doc. 18, Ex. A).

## II. STANDARD OF REVIEW

Rule 41(a)(2) allows a plaintiff, with the Court's permission and subject to the terms the Court deems proper, to dismiss an action without prejudice at any time. Federal Rule of Civil Procedure 41(a)(2) provides:

> an action shall not be dismissed at the plaintiff's insistence save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Courts in the Sixth Circuit apply the traditional rule that dismissal should be allowed "unless defendant would suffer plain legal prejudice." *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994); *see also Jones v. Mount Carmel Health Sys.*, 2008 U.S. Dist. LEXIS 8882, at *3-4 (S.D. Ohio Jan. 24, 2008). Thus, absent "clear" and "substantial" legal prejudice to the defendant, the court should grant a voluntary dismissal. *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997).

In the context of a Rule 41(a)(2) motion, it is within the Court's discretion to dismiss the case without prejudice unless "defendant would suffer *plain legal prejudice* . . . as opposed to facing the mere prospect of a second lawsuit." *Grover,* 33 F.3d at 718 (quoting *Cone v. W. Virginia Pulp & Paper Co.,* 330 U.S. 212, 217 (1947) (emphasis added). That is, "plain legal prejudice" does <u>not</u> result from the mere prospect of a second lawsuit. (*Id.*)

Ultimately, whether "dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court." *Grover,* 33 F.3d at 718 (citing *Banque de Depots v. Nat'l Bank of Detroit,* 491 F.2d 753, 757 (6th Cir. 1974)).

## III.  ANALYSIS

### A.  Voluntary Dismissal Pursuant to Rule 41(a)(2)

In *Grover*, the United States Court of Appeals for the Sixth Circuit identified four factors to determine whether plain legal prejudice will result from voluntary dismissal: (1) the amount of time, effort and expense the defendant has incurred in trial preparation; (2) any excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) insufficient explanation for the need to dismiss; and (4) whether a defendant has filed a motion for summary judgment.  33 F.3d at 718.

Each factor need not be resolved in favor of the moving party for dismissal to be appropriate.  *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 Fed. Appx. 498, 502 (6th Cir. 2007) (unpublished *per curiam*).  Rather, the factors are "simply a guide for the trial judge, in whom the discretion ultimately rests."  (*Id.*)  "[C]ourts need not analyze each factor or limit their consideration to these factors."  *Doe v. Urohealth Sys., Inc.*, 216 F.3d 157, 160 (1st Cir. 2000).

*1. What is the Defendant's effort and expense of trial preparation?*

The first factor the Court should consider in determining if Defendant will suffer plain legal prejudice is Defendant's effort and expense in defending the action and preparing for trial. *See Grover*, 33 F.3d 716 at 718. Dismissal is warranted if the lawsuit remains at its early stages of litigation. *Morgan v. Del Global Techn. Corp.*, No. 3:05-cv-123, 2007 U.S. Dist. LEXIS, 84638, at *19-20 (S.D. Ohio Oct. 29, 2007).

Defendant claims that the expense and burden of the instant action are substantial. (Doc. 22). Among other tasks, Defendant has filed an answer, prepared for and attended the Rule 26(f) conference, reviewed Plaintiffs' Rule 26(f) materials, attended the pretrial conference, drafted a motion to dismiss, and consulted with an expert witness. (*Id.*) Accordingly, Defendant claims that he has spent approximately 140 hours[2] preparing for this case. (Doc. 22, Ex. 5).

Despite claims of substantial expense, Defendant admits that this case is in "its relatively early stages." (Doc. 22). Relatively limited discovery has been completed to date. Trial is not set until January 2009 (Doc. 12), and the parties have not taken any depositions (Doc. 19). Additionally, most or all of the discovery completed would be useful in potential litigation between Plaintiffs and Defendant's family members. Moreover, Plaintiffs made clear their intent to pursue only the direct infringers; thus any

---

[2] Approximately 40 hours of this time were incurred in motions practice relating to a motion to dismiss which Defendant himself filed in January 2008. (Doc. 22, Ex. 5).

-6-

expense and effort incurred by Defendant was not the result of any unreasonable or bad faith conduct by Plaintiffs.

On balance, the case remains in its early stages of litigation, and Defendant's effort and expense to date does not compel dismissal with prejudice.

> 2. *Has there been excessive delay and lack of diligence on the part of Plaintiffs in prosecuting this action?*

Under the second factor, the Court should consider whether there was excessive delay and lack of diligence on the part of Plaintiffs in prosecuting the action. *See Grover*, 33 F.3d 716 at 718.

Defendant's argument that Plaintiffs did not have a basis to bring this lawsuit is misplaced. (Doc. 22). The record reflects that Plaintiffs instituted this action in good faith after acquiring substantial evidence indicating that Defendant's Internet account had been used to commit copyright infringement. (Doc. 15, Ex. C). Before filing this action, Plaintiffs identified Defendant as the responsible individual based on AOL's IP address identification. (*Id.*) Similar evidence has served as the basis for bringing many other cases that have lead to judgments against Internet account holders. *See, e.g., Sony Pictures Home Entm't v. Lott*, 471 D. Supp. 2d 716, 7719, 722 (N.D. Tex. 2007) (granting summary judgment to the plaintiff motion picture companies based on evidence that their copyrighted motion pictures were being distributed from a specific IP address for which the defendant was responsible); *Virgin Records Am., Inc. v. Thompson*, 512 F.3d 724, 726 (5th Cir. 2008) (affirming district court's determination that the plaintiffs' lawsuit was neither frivolous nor prosecuted with malevolent intent because the plaintiffs had

-7-

discovered "substantial copyright infringement of their songs by a file-sharing program attached to an internet account registered to [the defendant]"); *Atlantic Recording Corp. v. Heslep*, No. 4:06-cv-132-y, 2007 U.S Dist. 35824, at *15 (N.D. Tex. May 16, 2007) (holding that, despite the defendant's sworn denial, the plaintiffs held a reasonable belief that the defendant was responsible or at least shared responsibility for the infringement that had occurred through defendant's Internet account).

The facts apparent from this case indicate that Plaintiffs acted in good faith, and diligently prosecuted their theory of the case, which theory remained viable throughout the litigation. Defendant, as was his right, chose to defend the lawsuit, and the case proceeded to discovery. It is disingenuous for Defendant to claim that Plaintiffs have known all along that Defendant is not the direct infringer when, in fact, Defendant, armed with more information than Plaintiffs, is not willing to disclose relevant information. Defendant could have avoided prolonging this litigation by promptly providing information relevant to the direct infringers. Plaintiffs in this instance and on this evidence were not dilatory in moving to dismiss.

   3.   *Is the explanation of the need for dismissal sufficient?*

The third factor the Court should consider in determining if Defendant will suffer plain legal prejudice is Plaintiffs' explanation of the need for a dismissal. *See Grover*, 33 F.3d 716 at 718.

Prior to filing the lawsuit, Plaintiffs reached out to Defendant to resolve the issue without resorting to legal action. (Doc. 19, Ex. 5). Defendant, however, offered only a blanket denial. (Doc. 23). It was not until late March 2008, when faced with depositions of himself and his family members, that Defendant informed Plaintiffs that his family members would assert a Fifth Amendment privilege against self-incrimination if asked any questions about the infringement of Plaintiffs' copyrights. (Doc. 19). Upon receipt of this new information, Plaintiffs immediately moved to dismiss the case against Defendant in order to pursue those individuals who are more culpable for the infringement.[3] (*Id.*) In response, Defendant argues that he has been denying culpability in this matter since its inception. (Doc. 20). However, Defendant's argument is insufficient to rebut Plaintiffs' explanation for ending the litigation. Were that the case, then all defendants in any type of lawsuit could obtain a dismissal with a simple denial of responsibility.

  4.  *Has a motion for summary judgment been filed?*

The fourth factor the Court should consider is whether a motion for summary judgment has been filed. *Grover*, 33 F.3d 716 at 718.

Defendant argues that his Rule 12(b)(6) motion to dismiss "has become a motion for summary judgment." (Doc. 22). However, before a Rule 12 motion to dismiss can be converted into a Rule 56 motion, the court is required to provide notice to all parties of the court's intention to treat the motion as one for summary judgment. *See Briggs v. Ohio*

---

[3] Plaintiffs allege that they are entitled to an adverse inference that Defendant's family members are responsible for the infringement as a result of asserting their Fifth Amendment privilege. (Doc. 19). The undersigned need not address the validity of this argument. Regardless of any inference of culpability, Plaintiffs' request is that this case be dismissed in order for them to pursue those whom they now believe to be the culpable parties. This explanation alone is sufficient to warrant dismissal.

*Elections Comm'n*, 61 F.3d 487, 493 (6th Cir. 1995); *see also Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004).  As Professors Wright and Miller have stated: "[U]nless formally converted into a motion for summary judgment under Rule 56, a motion to dismiss under Rule 12 does not terminate the right of dismissal by notice." 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2363, at 259 (2d. ed. 1995).

The undersigned never notified the parties that he would consider Defendant's motion to dismiss as a motion for summary judgment.  As of August 8, 2008, the dispositive motion deadline, Defendant had not filed a motion for summary judgment. (Doc. 12).  Accordingly, no summary judgment motion is pending before the Court. *Grover*, 22 F.3d at 718.

Ultimately, because Defendant will not suffer plain legal prejudice, and as the *Grover* factors militate strongly in favor of voluntary dismissal without prejudice, dismissal without prejudice is appropriate.

### B. Award of Attorneys' Fees Under Section 505 of The Copyright Act

The Copyright Act provides that a prevailing party may be awarded attorneys' fees as a matter for the Court's discretion.  17 U.S.C. § 505.  Here, not only is Defendant not a prevailing party, but the circumstances weigh strongly against an award of fees.

Under the Copyright Act, even a prevailing party is not automatically awarded fees because fees are to be awarded only as a matter of the Court's discretion, and only when equity requires such an award.  *Forgerty v. Fantasy Inc.*, 510 U.S. 517, 533-34 (1994). *Fogerty* held that lower courts should consider factors such as the frivolousness of the

-10-

action, the plaintiff's motivation, the objective unreasonableness (factual and legal) of the claims, and the need to advance considerations of compensation and deterrence. *Fogerty*, 510 U.S. at 533-34; *see also Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 626 (6th Cir. 2004). As the Sixth Circuit has held, "it generally does not promote the purposes of the Copyright Act to award attorney fees to a prevailing defendant when the plaintiff has advanced a reasonable, yet unsuccessful claim." *Id.* at 628.

As discussed in detail in Section III.A., Plaintiffs' lawsuit was neither frivolous nor objectively unreasonable. Plaintiffs discovered substantial copyright infringement on a computer in Defendant's home and through Defendant's Internet account. (Doc. 15, Ex. C). Therefore, Plaintiffs acted reasonably in filing this lawsuit with the purpose of protecting their valid copyrights.

Additionally, there is no indication that Plaintiffs' suit was not a *bona fide* effort to seek redress for copyright infringement. *See Blackburn v. City of Columbus, Ohio,* 60 F.R.D. 197, 198 (S.D. Ohio 1973) (holding that because plaintiff acted in good faith, attorneys' fees would not be awarded). There is nothing in the record to indicate that Plaintiffs brought this action to harass, embarrass, or abuse the Defendant or the civil process. Nor is there evidence to suggest that Plaintiffs deliberately sought to increase Defendant's costs by extending the litigation. The undersigned finds no pattern of willful misconduct or negligence on behalf of Plaintiffs' counsel. Furthermore, a review of the cases cited by Defendant leads this Court to conclude that, generally, sanctions have not been imposed in similar circumstances.

Having weighed the foregoing, the Court concludes that the American Rule on attorneys' fees, which "refuses to economically penalize in this fashion the litigant who in good faith files a lawsuit," justifiably applies to the case at bar. *Blackburn*, 60 F.R.D. at 198. Accordingly, the Court concludes that imposing an award of attorneys' fees and costs is not warranted.

### IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiffs' motion to voluntarily dismiss this action without prejudice (Doc. 19) and **DENIES** Defendant's request for an award of attorneys' fees and litigation costs. The Court **DENIES** as moot Defendants' motion to dismiss (Doc. 14) and Plaintiffs' motion to strike (Doc. 18). Accordingly, this case is hereby **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

Date: <u>August 22, 2008</u>    s/ Timothy S. Black
Timothy S. Black
United States Magistrate Judge